UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20227-CIV-HUCK/O'SULLIVAN

VP GABLES, LLC,

    Plaintiff,

v.

THE COBALT GROUP, INC.

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on the Cobalt Group, Inc.'s Verified Motion for Attorneys' Fees and Costs (DE # 20, 7/24/08). This matter was referred to the undersigned by the Honorable Paul C. Huck. Having reviewed the applicable filings and law and having held a hearing in this matter, the undersigned respectfully recommends that The Cobalt Group, Inc.'s Verified Motion for Attorneys' Fees and Costs (DE # 20, 7/24/08) be GRANTED in part and DENIED in part as more fully discussed below.

## BACKGROUND

On January 25, 2008, the plaintiff filed this action against the defendant for: 1) breach of contract; 2) tortious interference with business relations; 3) violations of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and 4) violations of the Florida Uniform Trade Secrets Act ("FUTSA"). The plaintiff's claims in this matter emerged from negotiations between the plaintiff and the defendant regarding the defendant's acquisition of the plaintiff.

Prior to their formal business discussions, the parties entered into a non-disclosure agreement. This agreement stated "[i]f either party employs attorneys to enforce any rights arising out of or relating to this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees." The plaintiff alleged in its lawsuit that the defendant violated the non-disclosure

agreement.

On June 25, 2008, the plaintiff filed the Plaintiff's Motion for Dismissal with Prejudice (DE # 18, 6/25/08).  On June 30, 2008, the District Court entered a Final Order of Dismissal in this case.

On July 24, 2008, the defendant filed the Cobalt Group, Inc.'s Verified Motion for Attorneys' Fees and Costs (DE # 20, 7/24/08) seeking fees in the amount of $159,755.00[1] and costs in the amount of $7,419.33.  The defendant also seeks to recover $14,055.60 in expert fees.  On August 20, 2008, the plaintiff filed its Memorandum of Law in Opposition to the Cobalt Group, Inc.'s motion for Attorneys' Fees and Costs (DE # 41, 8/20/08).  On August 27, 2008, the defendant filed The Cobalt Group, Inc.'s Reply (DE # 48, 8/27/08).  On October 16, 2008, the undersigned held a hearing in this matter on the Cobalt Group, Inc.'s Verified Motion for Attorneys' Fees and Costs (DE # 20, 7/24/08).

## ANALYSIS

I.   **Defendant Should Be Awarded Fees**

The defendant is seeking fees pursuant to the non-disclosure agreement and FDUPTA. The defendant is seeking costs only pursuant to FDUPTA.[2]   FDUPTA permits the recovery of costs.  Accordingly, an award of costs to the defendant is only permitted if the Court finds that the defendant is entitled to receive reimbursement for costs in the case at bar under FDUPTA .

   A.   **FDUPTA**

The defendant seeks fees under §501.2105 of FDUPTA.  An award of fees under FDUPTA is discretionary.  See, e.g., JES Properties, Inc. v. USA Equestrian, Inc., 432 F.Supp. 2d 1283,

---

[1] In a notice dated October 21, 2008, the defendant indicated that "Defendant has no objection to the recalculation of attorneys' fees, reducing the amount of attorneys' fees sought by Defendant by $15,500.00 in relation to time spent preparing Defendant's Verified Motion for Attorneys' Fees and Costs." (DE # 56, 10/21/08).

[2] The defendant did not seek fees pursuant to 28 U.S.C. § 1920 or Federal Rule of Civil Procedure 54.

2

1291 (M.D. Fla. 2006). When there was no additional effort in defending the case because of a FDUPTA claim, fees should not be awarded in accordance with FDUPTA. Id. Accordingly, because the defendant has not demonstrated that additional effort was expended to defend the case because of the FDUPTA claim, the defendant may not recover fees and costs in the case under FDUPTA. The defendant is not entitled to recover costs in the amount of $7,419.33 or expert fees in the amount of $14,055.60.

  **B.**  **Non-disclosure Agreement**

The defendant also seeks fees under the non-disclosure agreement. The non-disclosure agreement provides that "[i]f either party employs attorneys to enforce any rights out of or relating to the Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees." The plaintiff argues that the defendant may not recover fees under the agreement because the term prevailing party is not adequately defined in the agreement and there was no showing that the plaintiff failed to bring its claim in good faith. The language of the agreement does not indicate that there needs to be a showing of bad faith in order to recover fees. On June 30, 2008, the Court entered a Final Order of Dismissal. In the context of Rule 54(d), when "there is a dismissal of an action, even where such a dismissal is voluntary and without prejudice, the defendant is the prevailing party". First Commodity Traders, Inc. V. Heinold Commodities , Inc. 766 F.2d 1007, 1015 (7th Cir. 1985), citing 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.70[4] (2d ed. 1985). The plaintiff argues that the non-disclosure agreement does not define prevailing party and that the plaintiff voluntarily withdrew this case prior to the Court ruling on the merits. According to the plaintiff, the defendant does not meet the definition of a prevailing party. Here, the defendant informed the plaintiff numerous times that the case had no merit and should be withdrawn. The defendant clearly prevailed in this matter when the Court dismissed the plaintiff's claim. The defendant is entitled to fees under the non-disclosure agreement.

### C. Attorney Fees for In-House Counsel

The plaintiff claims that the defendant is not entitled to recover the fees sought for Mr. Brunz, because he is in-house counsel, not trial counsel in this matter. The undersigned disagrees. The defendant is entitled to recover fees for the work performed by Mr. Brunz because he was substantially involved in the actual litigation of this case. See Delaware Valley Citizens' Council for Clean Air v. Pennsylvania, 762 F.2d 272, 278 (3rd Cir.1985) aff'd in part and rev'd in part on other grounds, 478 U.S. 546 (1986).

## II. An Award of Attorney's Fees Must Be Reasonable

Having determined that the defendant is the prevailing party and is entitled to fees under the non-disclosure agreement, the Court must next determine the amount of fees that is reasonable.

In calculating a reasonable attorneys' fee award, the Court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Hensley v. Eckerhart, 461 U.S. 424 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar." Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorneys' fee. See Blum v. Stenson, 465 U.S. 886, 888 (1984).

### A. Reasonable Hourly Rate

The Court must first evaluate respondents' requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be

measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886 (1984).  In determining the prevailing market rates the Court should consider several factors including "the attorneys' customary fee, the skill required to perform the legal services, the attorneys' experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorneys' relationship to the client, and awards in similar cases."  Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996)(citing, Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

1. Hourly Rates

In its motion the defendant requests an award of $159,755.00[3] for attorneys' fees for the work performed by the legal professionals in this matter.  The following is a chart of the various legal professionals who incurred fees on behalf of the defendants:

| Name | Title | Rate | Hours | Value |
|---|---|---|---|---|
| David Goodnight | Partner - Stoel Rives | $460.00 | 165.3 | $76,038.00 |
| Aric Jarrett | Associate - Stoel Rives | $200.00 | 205.8 | $41,160.00 |
| Sarah Garcia | Paralegal - Stoel Rives | $130.00 | 115.8 | $15,054.00 |
| Beth-Ann Krimsky | Partner - Ruden McClosky | $365.00 | 27.0 | $9,855.00 |
| Christine Nestor | Associate - Ruden McClosky | $240.00 | 10.2 | $2,448.00 |
| Lee Brunz | General Counsel | $400.00 | 38.0 | $15,200.00 |
| | | | Total | $159,755.00 |

The defendant's expert, Bruce Goodman, in his affidavit, indicates that he is "familiar with rates charged by attorneys for like services, and, in my opinion, the hourly rates charged to Cobalt in the

---

[3] As noted above, in a notice dated October 21, 2008, the defendant indicated that "Defendant has no objection to the recalculation of attorneys' fees, reducing the amount of attorneys' fees sought by Defendant by $15,500.00 in relation to time spent preparing Defendant's Verified Motion for Attorneys' Fees and Costs." (DE # 56, 10/21/08).

5

instant case are reasonable and commensurate with the prevailing market rate charged by attorneys having comparable experience, skills and reputation for similar services provided in this legal community." See "Affidavit of Bruce Goodman". Mr. Goodman further indicates that with respect to Mr. Brunz, who is in house counsel for the defendant, that he believes "that his hourly rate is reasonable given his level of experience and skills and I believe the time billed was necessary and appropriate given his involvement and familiarity with this matter." See "Affidavit of Bruce Goodman". As indicated earlier in this Report and Recommendation, the undersigned finds that the defendant is entitled to recover attorneys fees for Mr. Brunz.

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. Furthermore, the Court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. Norman, 836 F.2d at 1303 (citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976)). Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law and the Court's familiarity with attorneys' fees in the Southern District of Florida, the undersigned finds that the hourly rate of $200.00 is reasonable and appropriate for Aric Jarrett, that the hourly rate of $365.00 is reasonable and appropriate for Beth-Ann Krimsky, and that the hourly rate of $240.00 is reasonable and appropriate for Christine Nestor. The undersigned finds that the hourly rate of $400.00 for Lee Brunz is excessive, and that the hourly rate of $460.00 for David Goodnight is excessive. Co-counsel Beth-Ann Krimsky is a partner in a Florida firm and earns $365.00 per hour. $365.00 per hour is a reasonable rate of compensation for an attorney with similar credentials to Mr. Brunz and Mr. Goodnight practicing in the Southern District of Florida. The Court must consider the customary hourly fees charged in

this community for similar services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Accordingly, the undersigned finds that an hourly rate of $365.00 per hour is appropriate for both Mr. Brunz and Mr. Goodnight.[4] The undersigned further finds that $130.00 is a reasonable rate to award for the time incurred by the paralegal, Sarah Garcia.

     B.     Hours Reasonably Expended

The Court must next evaluate the defendant's requested fee for reasonableness in terms of the total hours expended by defendant's counsel. The defendant's motion requests reimbursement for 562 hours[5]. The defendant supports its fee request by submitting itemized bills and various affidavits. The plaintiff seeks to reduce the amount of requested attorneys fees.

The plaintiff argues that it should not have to pay fees for the involvement of a second law firm or for the coordination of the Seattle counsel with the second law firm. The undersigned disagrees. Under the Local Rules, the defendant was required to secure local counsel in this district. Accordingly, the undersigned finds that the defendant should recover the fees for both the attorneys in Seattle and the attorneys in South Florida.

The undersigned finds the remaining hours spent by the attorneys in the case at bar reasonable. Furthermore, the undersigned finds that the defendants are entitled to receive paralegal fees as paralegal fees may be awarded See generally Missouri v. Jenkins, 491 U.S. 274 (1989).

---

[4] The defendant agreed to reduce the attorney's fees request by $15,500.00 for work on the fees motion. The reduction from $460.00 per hour to $365.00 per hour for Mr. Goodnight will be for all hours except those hours expended on the fees motion. According to the undersigned's calculation Mr. Goodnight spent approximately 12.0 hours of his 165.3 requested hours working on the fees motion. The undersigned will calculate the recommended fee award for 153.3 hours performed by Mr. Goodnight at a rate of $365.00 per hour.

[5] The defendant has agreed to a reduction of approximately 49 hours for the time spent on the fees motion.

Attorneys Jarrett and Goodnight should be awarded the fees they seek, minus the $15,500.00 for the fees the defendant agreed not to pursue in conjunction with the work performed in preparing the motion for fees.  Moreover, due to the reduction in the hourly rate of $400.00 sought by Mr. Brunz to the $365.00 per hour the undersigned deems appropriate and reasonable, and the reduction in the hourly rate of $460.00 sought by Mr. Goodnight to the $365.00 per hour the undersigned deems appropriate and reasonable, the total amount of fees awarded to the defendant should be reduced by an additional $1,330.00 for the work done Mr. Brunz (38.0 hours for Mr. Brunz at $365.00 per hour equals $13,870.00 instead of the $15,200.00 requested) and $14,563.50 for the work done by Mr. Goodnight (153.3 hours for Mr. Goodnight at $365.00 per hour equals $55,954.50 instead of the $70,518.00).[6]  Accordingly, the award for the fees requested by the defendant should be reduced by a total of $31,393.50[7] and the defendant should be awarded attorneys fees in the amount of $128,361.50.

## RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that The Cobalt Group, Inc.'s Verified Motion for Attorneys' Fees and Costs (DE # 20, 7/24/08) be GRANTED in part and DENIED in part and the defendant be awarded attorney fees in the amount of $128,361.50.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir.

---

[6] As noted earlier in this Report and Recommendation, the 12.0 hours Mr. Goodnight worked on the fees motion is not included in this calculation.

[7] $31,393.50 is the sum of the $15,500.00 reduction the defendant agreed to make and the reductions taken from the fee amount requested for both Mr. Brunz and Mr. Goodnight.

1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988); See also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

DONE AND ORDERED, in Chambers, at Miami, Florida, this 25th day of November 2008.

\
JOHN J. O'SULLIVAN  
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

U.S. District Judge Huck  
All counsel of record