UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20227-CIV-HUCK/O'SULLIVAN

VP GABLES, LLC,

    Plaintiff,
v.

THE COBALT GROUP, INC.

    Defendant.

_____/

THE COBALT GROUP, INC.

    Third-Party Plaintiff,
v.

NETLINK SOFTWARE GROUP
AMERICA, INC., a Michigan corporation;
THE COLLECTION, LLC, a Florida
limited liability company,

    Third-Party Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court on The Collection's Motion to Tax Costs (DE# 184, 1/29/10). This matter was referred to the undersigned by the Honorable Paul C. Huck for a report and recommendation in accordance with 28 U.S.C. § 636(b). See Order of Reference (DE# 186, 2/17/10) Having carefully considered the filings and applicable law, the undersigned respectfully recommends that The Collection's Motion to Tax Costs (DE# 184, 1/29/10) be **DENIED** for the reasons discussed below.

## **BACKGROUND**

On January 25, 2008, VP Gables, LLC (hereinafter "VP") filed a lawsuit against The Cobalt Group, Inc. (hereinafter "Cobalt") for breach of contract, Florida Uniform Trade Secrets Act violations, tortious interference with business relations and Florida Deceptive and Unfair Trade Practices Act violations. See Complaint (DE# 1, 1/28/08). The Court dismissed the action pursuant to a motion filed by VP. See Final Order of Dismissal (DE# 19, 6/30/08). Cobalt obtained an attorney's fee judgment of $121,087.50 against VP. See Order Affirming in Part Report and Recommendation; Order Granting in Part Defendant's Motion for Fees and Costs (DE# 71, 1/28/09); Final Judgment of Attorneys' Fees (DE# 73, 2/20/09) against VP and in favor of Cobalt.

In an attempt to collect on the outstanding judgment, Cobalt instituted proceedings supplementary against VP and impled third parties The Collection, LLC (hereinafter "The Collection") and NetLink Software Group America, Inc. See Defendant The Cobalt Group, Inc.'s Motion for Proceedings Supplementary and Impleader of Third Parties and Incorporated Memorandum of Law (DE# 82, 3/31/09). Following an evidentiary hearing, the Court determined that The Collection was not liable for the outstanding judgment against VP. See Order Adopting Report and Recommendation (DE# 183, 1/19/10).

The Collection now seeks to recover from Cobalt $6,663.97 in costs it incurred in defending the proceedings supplementary. See The Collection's Motion to Tax Costs (DE# 184, 1/29/10). Cobalt has filed a response in opposition. See The Cobalt Group, Inc.'s Opposition to The Collection's Motion to Tax Costs (DE# 185, 2/16/10). No reply has been filed.

2

## **ANALYSIS**

The Collection seeks to recover from Cobalt the costs it incurred in defending the proceedings supplementary pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. See The Collection's Motion to Tax Costs (DE# 184, 1/29/10). Rule 54 (d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54 (d)(1). The Collection argues that it is the prevailing party in the proceedings supplementary and as such, should be awarded costs. See The Collection's Motion to Tax Costs (DE# 184 at 2, 1/29/10).

Cobalt opposes the instant motion arguing that the recovery of costs in proceedings supplementary is governed by section 56.29 of the Florida Statutes and not Fed. R. Civ. P. 54(d). See The Cobalt Group, Inc.'s Opposition to The Collection's Motion to Tax Costs (DE# 185 at 2, 2/16/10). Section 56.29 (11) states that: "[c]osts for proceedings supplementary shall be taxed against the <u>defendant</u> as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees." Fla. Stat. § 56.29 (11) (emphasis added). Cobalt argues that The Collection cannot recover costs against it because Cobalt was, and continues to be, the judgment creditor and not the "defendant" as referred to section 56.29. See Morton v. Cord Realty, Inc., 677 So. 2d 1322, 1324 (Fla. 4th DCA 1996) (recognizing that the term "defendant" as used in section 56.29, Fla. Stats., refers to the judgment debtor and any transferee who has been impleaded as a defendant).

The Court does not need to determine whether Fed. R. Civ. P. 54 (d) or section

3

56.29, Fla. Stats., controls because The Collection is not entitled to an award of costs under either scenario. Section 56.29, Fla. Stats., provides that costs be taxed against the judgment debtor, not a judgment creditor such as Cobalt. The Collection is also not entitled to costs under Fed. R. Civ. P. 54(d) because it is not the prevailing party.

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d) . . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.

Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir.1995)). Here, The Collection has not obtained a judgment or any relief from this Court. In the proceedings supplementary, the Court merely determined that The Collection was not liable for the judgment against VP. See Doria v. Class Action Services, LLC, 261 F.R.D. 678, 685 (S.D. Fla. 2009) (observing that "a 'prevailing party' is one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant."). Because The Collection is not the prevailing party under section 54(d), it is not entitled to an award of costs.

## RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that The Collection's Motion to Tax Costs (DE# 184, 1/29/10) be **DENIED**.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge. Failure to file objections

timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988); see also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

     RESPECTFULLY SUBMITTED at the United States Courthouse in Miami, Florida, this **12th** day of April, 2010.

                                                   JOHN J. O'SULLIVAN
                                                   UNITED STATES MAGISTRATE JUDGE

Copies provided to:

U.S. District Judge Huck
All counsel of record